UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES DELONJAN JENKINS,

    Petitioner,

v.                                                                      Case No. 5:20-cv-379-Oc-02PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

    Petitioner, James Delonjan Jenkins, a pretrial detainee at the Marion County Jail, initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and is proceeding on an Amended Petition. (Doc. 11). Petitioner is currently in pretrial custody for two pending state court criminal cases in which the state of Florida is prosecuting Petitioner for burglary of a dwelling with assault in *State v. Jenkins*, No. 42-2018-CF-1467 (Fla. 5th Cir. Ct.); and depriving officer of weapon or communication device and resisting an officer with violence in *State v. Jenkins*, No. 42-2019-CF-0500 (Fla. 5th Cir. Ct.).

    As a state pretrial detainee, Petitioner may challenge his confinement as unconstitutional by petitioning for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n. 1 (11th Cir. 1988) ("Pre-trial habeas petitions … are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been

rendered."). However, habeas corpus relief under § 2241 is available to a pretrial detainee only if he has first exhausted his state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) ("[A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either be trial on the merits in the state court or by other state remedies available to the petitioner."). It appears from the face of the petition that Petitioner has not exhausted his state remedies prior to seeking relief in this Court.

Moreover, the petition should be dismissed because the *Younger* abstention doctrine precludes this Court from interfering with the ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n. 6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

Petitioner does not allege the absence of an adequate state forum where the constitutional issues can be raised. Further, Petitioner does not allege that he would suffer irreparable injury apart from "that incidental to every criminal proceeding brought lawfully and in good faith" if the district court did not intervene. *Chambersel v. Florida*, 816 F. App'x 424, 426 (11th Cir. 2020) (citing *Younger*, 401 U.S. at 49). Rather,

Petitioner appears to argue the State is prosecuting him in bad faith because the victim in one of the cases allegedly does not want to press charges. Petitioner's conclusory and vague assertions, however, are insufficient to demonstrate bad faith prosecution. *See Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (unpublished) (*Younger* requires that petitioner make a "substantial allegation" showing actual bad faith) (citing *Younger*, 401 U.S. at 48 (noting that bad faith prosecutions are brought with no intention of securing a conviction or with an intention to harass)). Consequently, this Court declines to interfere in the ongoing state criminal proceedings. *See Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court.").

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), this case is **DISMISSED**. *See also* 28 U.S.C. § 2255(b). The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on October 19, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Petitioner

3